Good morning the United States Court of Appeals for the Ninth Circuit is now in session. Good morning before we start Judge Bress and I again want to thank Judge Fitzwater from the Northern District of Texas for helping us out. Today we're going to hear one case Lopez Luvian v. Garland and Mr. Armand you can begin whenever you're ready and if you want to save time please track of the clock. Thank you your honor. Good morning your honors. May it please the court my name is Saad Ahmed and I represent the petitioner Miguel Lopez Luvian in this petition for review from a summary removal order entered by the DHS under section 241a5 of the Immigration and Nationality Act. DHS issued this removal order after the Board of Immigration Appeals terminated removal proceedings against Mr. Lopez on the ground that the notice to appear with the Immigration Court was improvidently issued because Mr. Lopez was subject to a prior exclusion order. This petition for review should be granted for three main reasons. First the Board violated the plain text of the regulations in terminating removal proceedings against Mr. in automatic basis for termination. Second the Board's interpretation of the term improvidently issued notice to appear in the regulation was inconsistent with the Board's own precedent and the Attorney General's recent case law. And third the Board abuses discretion in failing to consider any of the arguments Mr. Lopez raised in defending the immigration judge's decision on threshold question about whether we even have jurisdiction to review the dismissal of the removal proceedings do we? Your Honor this court does have jurisdiction because under 8 USC 1252 B9 all questions of law arising from a decision to remove an alien from the United States are in a petition for review from the final order of removal. There is no clear statement by Congress that jurisdiction does not exist. Jurisdiction exists in this court to review all questions of law and constitutional issues that alien brings in seeking review of the petition for review. Right but you're challenging I mean your client is subject to a reinstatement order. What is the legal defect in that order? Your Honor the reinstatement order was contingent upon the immigration judge's decision to excuse me the Board of Immigration's decision to terminate removal proceedings against Mr. Lopez. Had those proceedings not terminated a reinstatement order would not have been enforced would not even have been issued. So we believe that that's a threshold issue that the court must address because if the Board's decision is incorrect then the reinstatement order could not should not even have been issued. Well what do you what do you do with you know Akala and Galindo Romero those two decisions of our court? Your Honor those decisions I believe made clear that in reviewing a reinstatement order the alien can bring whatever remedies the alien has whatever arguments they have. In those two decisions the reason why the court said that it lacked jurisdiction was because in those decisions there was no reinstatement order. DHS never reinstated the prior order and therefore the court lacked jurisdiction but in in this case DHS did reinstate a prior order and therefore in reviewing that order the court can look at all legal or constitutional issues. And I guess just to test that I guess I mean here it when the when the removal proceedings were dismissed that then obviously I guess you could say open the door to the to the removal order being reinstated but it wasn't automatic there something else had to be done in the interim and I guess I question whether the the logic of Akala and Galindo Romero would suggest that we don't have jurisdiction here. We have jurisdiction over certain arguments it's just not ones that you've raised because you're not challenging you're not saying there's a gross miscarriage of justice from the prior order you're not saying that that the reinstatement order was itself invalid you're basically trying to go back in time to the dismissal of the removal of the prior removal proceedings. Your Honor the argument for review is stronger in this case than it would be even in those cases where this court looked at the prior order because in this case respondent I'm sorry the petitioner Mr. Lopez is not challenging the the prior the prior exclusion order he's challenging the dismissal of his removal proceedings which in which he was granted cancellation of removal by the immigration judge and the issue is that if those proceedings were terminated unlawfully in violation of the regulations then this court has jurisdiction to review them I would like to point out in a final order removal they resulted in dismissal I'm sorry your honor I said those proceedings that the the removal proceedings did not end in a final order of removal they it's not clear to me that we can we can then review that well your honor we believe that it would raise serious constitutional issues if there's no forum in which to review such a decision because the real idea act requires that all questions of law that arise from a removal order or a decision or action by the DHS are reviewable in a petition for review and the absence of a jurisdictional preclusion by congress this court has jurisdiction over those issues and we believe that this court has jurisdiction because there's no other forum where the where the petitioner can seek review of that decision and I'd like to point out that as Justice Scalia used to say that the text is law here the regulations require that that certain rules be followed regulations require certain grounds that have to be met before immigration judge can terminate proceedings and here the immigration here the the decision of the board of immigration appeals violated that plain text the plain text of the regulations clearly say that there are certain grounds such as the death of the alien or departure from the United States that were grounds for dismissal of removal proceedings but the regulations never said that the regulations never said that dismissal is proper just because there was a prior exclusion order so this is a violation of the regulations that we're talking about your honor we believe that the board rewrote the regulations in dismissing the proceedings DHS never made an argument that it was acting on on mistaken assumption or misleading information or even made a considered choice in placing Mr. Lopez in removal proceedings in the first place DHS made a decision to place Mr. Lopez in removal proceedings and later on filed a motion to dismiss on sole grounds that there was a prior removal order let me just ask quickly on the on the question are you aware of any case that has held that a court has jurisdiction has any court of appeals address this specific issue no your honor there's no case law to my knowledge where the court of appeals addressed this issue but we believe that the real id act has opened up doors for these kind of decisions otherwise government can violate the regulations they can forum in which to seek review clearly district court doesn't have jurisdiction over this case because district court this case arises from a decision to remove an alien from the united states and um sincere um in sincere and and cases that came after sincere unless there is a specific statute that precludes jurisdiction this court cannot presume that jurisdiction is lacking um your honor the BIA decision also was inconsistent with the BIA's prior case law and the attorney general's decision in matter of SOG which came out subsequently there are rules that need to be followed this is a case about government accountability the rules have to be followed your honor and we believe that for that reason um we we think we ask this court we request the court to invalidate the board's decision to terminate former proceedings against Mr. Lopez and reinstate the immigration judge's decision granting cancellation of removal to Mr. Lopez and in the alternative this case should at least be remanded to the board for clarification and for in order to address the arguments Mr. Lopez raised on appeal i think i have 30 seconds um i may want to save that time for rebuttal your honor thank you we'll we'll give you two minutes two minutes to uh for rebuttal and miss browning whenever you're ready thank you your honors may i please the court my name is rachel browning and i represent the respondent the attorney general the only order properly before this is the reinstatement order itself that became final on november 20th 2018 the decision that petitioner is challenging in effect the board's termination of removal proceedings is not a final order subject to review under 1252 a1 as this court recognized in galindo romero and what the court said in galindo with respect to jurisdiction and finality is that once the reinstatement order is finalized um then the petitioner seek can seek whatever judicial remedies are afforded to to him in reinstatement proceedings and so then if the court looks to the reinstatement statute itself um the court's review scope of review in that is exceedingly narrow as it's recognized in numerous decisions and what the statute says that once the attorney general finds a non-citizen has illegally and is subject to prior order that order is reinstated and the alien is not eligible to apply for relief and shall be removed at any time after re-entry to reinstate the order an immigration officer first has to identify correctly identify the individual that's subject to the order um confirm that he was subject to a prior order of removal and then whether he unlawfully entered the united states once those three factual predicates are satisfied the agency is free to remove the individual right so counsel you're right there's no challenge to those points there's no challenge to the prior order of removal there's no argument under the gross miscarriage of justice doctrine if anything if there's an if there's space here it's through our ability to review constitutional questions and questions of law does this does this meet that test it does not your honor um for this reason um 1252 a2d to the extent that questions of law um remain reviewable constitutional claims um where the statute otherwise otherwise prevents review um is only confined to that subsection as we point out in um on page 12 of our brief um that limitation or that that revesting of jurisdiction if you will under a2d does not apply to 1252 at large or any other provision of the act in which someone might be able to craft a colorable legal or constitutional claim and um i've not i was not able to find a decision of the court addressing this specific um issue but if you look to um garcia during cone um the court said that for instance 12 1252 a2d does not apply to um the expedited removal proceedings which also occur occur in 1252 but in a different provision because that is separate and has its own limitations on review and what we submit is that what the board did in its decision to terminate was in fact um a discretionary exercise of its prosecutorial enforcement authority which under 1252 g is not reviewable um and your opposing counsel says well this um the reinstated removal order was in some sense contingent upon the dismissal of the removal proceedings and there's case law saying you can review decisions that are contingent upon you know a prior decision is this contingency doctrine relevant here i'm not aware of any of any decision where the court has agreed to look at um a discretionary determination made outside the scope of the reinstatement proceedings themselves as you pointed out earlier the petitioner is not challenging the prior order he's not making a gross miscarriage of justice claim any of those legal claims that have at least a tie-in to the three prongs of the reinstatement provision right so if you're challenging the order prior order itself as no longer valid then that that draws it into 1252 a1 and then and you can make a legal question out of that this is not a legal question a colorable legal question he's asking the court to balance some discretionary authority to institute commence um and carry out removal proceedings in a particular way um what the court in and it would go against what this court said in morale as a skirto where the regulations themselves were being challenged as not being as not affording sufficient process and this court said that no it the regulations are sufficient and where the alien meets the factual predicates for a statement he's not entitled to a hearing before a judge so in effect that's what he's asking for go ahead gently i'm sorry so does this mean effectively there's no way to uh there's no judicial review of a termination decision just as a product correct not in this context your honor we're certainly not saying that it the substance of a decision like that might not come before the court in another way we're simply stating that in this context um as the court recognized in galindo romero termination itself is not a final order um to the extent that an order becomes final for reinstatement purposes what's reviewable is what's confined to that statute um if and the the point of that is that with the reinstatement provisions congress wanted a streamlined process by which the agency could remove those individuals who'd already been removed and for that reason they're afforded only the process that congress grants them in that statute um and so i've you know i've been thinking about this a lot like well how would this come about um to answer your question and the fact is is that congress doesn't want this this statute isn't meant this is not part of what's meant to be reviewable um because these are discretionary um enforcement related decisions so just to just to follow up those so is it is the dismissal of a removal proceeding ever reviewable in any context i'm sorry can you repeat that is a dismissal of a removal proceeding ever reviewable i'm not aware of any i mean because it's it's basically an interlocutory decision but glenda romero says is that when you have a termination it doesn't result in an order it results in um the agency then having two different pathways right so um in a lot of cases so termination usually means that there's another process available um so in like in this case there's reinstatement if a person is eligible for reinstatement the order shall be restate reinstated another reason um the agency might terminate formal removal proceedings could be because the individual is eligible for a form of relief like a u visa t visa tps something that another agency can give them and removal proceedings are no longer necessary so you know the government's not going to get review of that decision that's a final that's it's a decision of the agency but it's not an order of removal um so termination rarely because of the nature of what's um and what what the agency can then do um it's it in of itself is not an order of removal and um at least i could find no no cases um now as i said before there could be situations in which um i believe the court um i found an unpublished decision from a few years ago i don't know that i have it um i didn't cite it in my brief um where um the termination issue came up within the context of a motion to reopen the denial of a motion to reopen um and i'm you know the court made a statement like assuming we have jurisdiction you know there was not an abuse of discretion sort of thing but they weren't the court wasn't addressing um the termination itself or what led to the termination um but no otherwise i'm not aware of any of any case of any circuit um court saying that a decision terminating proceedings is a final order under 1252a1 um so just want to see if i covered everything um and the only other thing i wanted to say was um with respect to the regulations themselves they're permissive um in terms of what the agency can do um i can reinstate um if they have the factual predicates met um but the the person in that situation is entitled to notice of that um and a chance to make a statement um they're allowed to seek obviously withholding of removal um so it doesn't don't read the regulations as saying something i mean you don't have to reach a decision that would say the regulations require the agency to do one thing or another in order to dismiss for lack of jurisdiction um because of the nature of what petitioner is asking this court to do um so because this is not a final order and the decision that petitioner is asking the court to review is beyond the scope of the authority of the court's review we would ask that you dismiss the petition for lack of jurisdiction thank you uh mr armand you'll have a couple minutes thank you your honor your honor first of all the decision to terminate not a discretionary decision by dhs because once removal proceedings are initiated dhs lacks the authority to dismiss solely on prosecutorial discretion that's what the judge found that's what the regulation said that's what the bia prior case law also says so that's the first question and secondly your honor in cases where the supreme court as well as this court has found no jurisdiction over final orders are those are those where the text of the statute bar jurisdiction such as in the context of an expedited removal proceedings such as in the context of cases like that however in this case there's no bar to judicial review and i and if there is no avenue where this this decision can be challenged it would raise serious constitutional questions and supreme court has repeatedly said that there's a presumption favoring judicial review of agency actions and in the absence of clear statement by the by congress in a statute jurisdiction to review exists your honor the the the regulations specify the grounds that that dhs has to give in order to seek termination from an immigration judge after initiation of removal proceedings we believe in this case the clear language of the statute the text of the statute required that and the bia violated those regulations in in terminating removal proceedings because dhs did not provide a valid regulatory reason for seeking termination your honor thank you great thank you both for the helpful argument we are adjourned for the day this court for this session stands adjourned
judges: LEE, BRESS, Fitzwater